DREW, J.
|,Bobby Higginbotham, the former May- ■or of the Town of Waterproof (“Waterproof’), was convicted in May of 2010 of malfeasance in office and felony theft. A partial mistrial was granted on a charge of public contract fraud, which allegedly occurred out of Higginbotham’s Place, a convenience store that was Higginbotham’s purported business. On rehearing, this court affirmed Higginbotham’s convictions and sentences. State v. Higginbotham, 46,975 (La.App.2d Cir.4/25/12), 122 So.3d 1, writ denied, 2012-1718 (La.5/24/13), 116 So.3d 658.
During the course of investigating Higginbotham and Miles Jenkins, the Town’s Chief of Police, search warrants were executed at Higginbotham Place, Waterproofs Town Hall, and the Waterproof Police Department.
A property receipt dated July 29, 2010, and cross-referenced with the search warrant returns, lists computer items seized in connection with State v. Bobby Higginbotham and Miles Jenkins:
• Dell Dimension 8200 computer seized from Higginbotham Place;
• Dell Dimension 4100 computer seized from Higginbotham Place;
• Cash Register Systems computer seized from Higginbotham Place;
• Compaq Prosigma computer seized from main computer desk at the Waterproof Town Hall;
• Dell computer seized from Higginbotham’s office at the Waterproof Town Hall;
*507 • Lexmark printer seized from Higginbotham’s office at the Waterproof Town Hall;
• Compaq Presario computer presumably . seized from Jenkins’s office at the Waterproof Police Department;[1]
12* E-Machines computer; and
• HP computer that is presumably the laptop found in a computer bag in Jenkins’s office at the Waterproof Police Department.[2]
According to a release executed by the District Attorney’s office on July 29, 2010, all of the items on the property list except the laptop were returned to Waterproof as their owner.
On February 11, 2013, Higginbotham filed in the criminal proceeding a motion to release seized property. He asked that all property seized from the business operation of U.S. 65 South Partnership, including computers and passports, be returned. He contended that the seized property was not used in evidence at trial, and therefore, it should be disposed of according to La. C.Cr.P. art. 167. Nine days later, Higginbotham filed an amended motion to show cause why the seized property should not be returned to him.
On February 20, 2013, the district court denied Higginbotham’s motion for release on the grounds that release would be premature because he had a pending writ before the Louisiana Supreme Court. Higginbotham applied for a supervisory writ, which this court denied. While a writ to the supreme court was denied, the supreme court also stated that because the writ in his criminal proceeding was denied on May 24, 2013, and no longer pending, he was free to re-urge his motion to return seized property in the district court.
On July 1, 2013, Higginbotham filed a motion to show cause why seized property should not be returned to him. He asserted that his passport, |san HP computer, and two Dell computers were seized from him pursuant to a search warrant on August 28, 2008.
The State responded on July 11, 2013, that it had the passport but did not have sufficient information and proof of ownership of the computers to show they belonged to Higginbotham. The State contended that it would proceed with his request once he presented proof of purchase and ownership, together with specific identifying information, of the computers.
On July 12, 2013, the district court ordered the return of the passport, as well as the computers, within five days of being provided with satisfactory proof of ownership.
On July 16, 2013, Higginbotham filed a motion for reconsideration of the district court’s July 12 order. He contended that a certified public accountant and Waterproof were not required to provide ownership before their computers were returned. He further contended that records of his computer purchases were lost in Hurricane Katrina, and that the computers would identify their owner when they were turned on.[3]
On July 19, 2013, the district court entered an order requesting that the State inform it within 15 days about where the computers were located, as well as the *508 basis for any claim of ownership by any entity. The district court also asked if the parties would be satisfied with an order requiring receipt in the form of an affidavit signed by Higginbotham in which he Ragreed to hold harmless and indemnify the State against any competing claims of ownership.
On July 25, 2013, the State filed a response to the motion for reconsideration. The State noted that it had returned one Dell CPU and two other CPUs from Higginbotham Place and one Dell computer and one Compaq computer from Waterproofs Town Hall to Waterproof. The Hewlett Packard laptop computer was retained because of pending criminal charges against Jenkins and because Jenkins had made a claim for it. The State requested that Higginbotham’s claim be directed to Waterproof since it was in possession of the computers that had been returned. The State noted that while some of the computers had been seized from Higginbotham Place, Waterproofs business had been regularly handled there. In addition, other items belonging to Waterproof had been seized at Higginbotham Place, and both Higginbotham and Waterproof had claimed those items in March of 2009.
On August 5, 2013, Higginbotham filed a motion to compel the State to return the property seized from Higginbotham Place. He asserted that while Higginbotham Place was owned by U.S. 65 South Partnership, the computers that were seized there belonged to him. He sought return of the three computers or a total of $1,636 for their value and the value of the software.
On August 23, 2013, the district court ruled in response to Higginbotham’s latest motion. It denied the motion insofar as it sought the return of the laptop which was still being held by the State. It further | ¿ordered that if Higginbotham wanted to assert his ownership of the two Dell computers, then he was required to file a motion seeking a contradictory hearing with Waterproof pursuant to La. R.S. 15:41. On September 5, 2013, Higginbotham filed a motion to seek a supervisory writ from this order.
Following the court’s order, Higginbotham filed a second motion for reconsideration in which he wanted to obtain Waterproofs proof of ownership justifying the return of computers to the town. Also, on September 6, 2013, he filed a motion to show cause why seized property should not be returned to him. He prayed for an order directing the “State of Louisiana via James Paxton and the Town of Waterproof’ to show cause why the seized property should not be returned to him.
On September 27, 2013, the district court deferred taking action on either the second motion to reconsider or the September 6 motion to show cause on the grounds that both were related to issues pending before this court on Higginbotham’s writ application.
This court granted Higginbotham’s writ application from the August 23, 2013, ruling and converted it to an appeal. In its brief to this court, the State noted that the laptop it had retained was placed in the court registry after the State filed a petition for concursus proceeding on April 17, 2014, naming both Higginbotham and Jenkins as parties.
DISCUSSION
When property is seized pursuant to a search warrant, it shall be retained under the direction of the judge. If seized property is not to be used | (¡as evidence or is no longer needed as evidence, it shall be disposed of according to law, under the *509 direction of the judge. La.C.Cr.P. art. 167.
Regarding the disposition of property seized in connection with a criminal proceeding, La. R.S. 15:41 provides in part:
A. If there is a specific statute concerning the disposition of the seized property, the property shall be disposed of in accordance with the provisions thereof.
B. If there is no such specific statute, the following governs the disposition of property seized in connection with a criminal proceeding, which is not to be used as evidence or is no longer needed as evidence:
(1) The seized property shall be returned to the owner, unless a statute declares the property to be contraband, in which event the court shall order the property destroyed if the court determines that its destruction is in the public interest; otherwise, Paragraph (2) of this Section shall apply.
C. Where the release of seized property is sought by a person claiming to be the owner, it shall be released only upon motion contradictorily with the clerk of court. In all other cases the court may either render an ex parte order for the disposition of the property as herein provided on motion of any interested person, or on its own motion, or the court may require a motion contradictorily with the apparent owner or the person in possession of the property at the time of the seizure.
Although the computers have long since been released, La.C.Cr.P. art. 167 and La. R.S. 15:41 still offer guidance. Higginbotham can establish ownership of the laptop in the concursus proceeding, and ownership of the three computers seized from Higginbotham Place in a contradictory hearing against Waterproof, which is in possession of the computers. Accordingly, the district court did not abuse its discretion in denying Higginbotham relief.
DECREE
At Higginbotham’s costs, we AFFIRM.

. This was listed as item # 21 on the return.

. This was listed as item # 20 on the return.

. In an effort to provide identifying information about the computers, he asserted that one computer had Professional Temporaries payroll on it, a second computer had a pricing program for U.S. 65 South Partnership on it, and a third computer had general correspondence on it.